IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON BOWE, *individually and on behalf of all those similarly situated*<br>100 Garrison Rd.<br>Monroeville, NJ 08343<br><br>                    Plaintiff,<br><br>          v.<br><br>ENVIRO PRO BASEMENT SYSTEMS<br>90 Kimm Drive<br>Newfield, NJ 08344<br><br>          and<br><br>MICHAEL TROYNER<br>c/o ENVIRO PRO BASEMENT SYSTEMS<br>90 Kimm Drive<br>Newfield, NJ 08344<br><br>                    Defendants. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

## INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT

Named Plaintiff, Jason Bowe, (hereinafter "Named Plaintiff"), hereby complains, individually and on behalf of those similarly situated, as follows against Defendants Enviro Pro Basement Systems and Michael Troyner (hereinafter collectively "Defendants").

## INTRODUCTION

1.  Named Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL") and the New Jersey Wage Payment Law ("NJWPL"). Defendants intentionally failed to pay Named Plaintiff, and those similarly situated (hereinafter "Collective Action Plaintiffs"), for all

hours worked while in the employ of Defendants. As a result of Defendants' unlawful actions, Named Plaintiff and Collective Action Plaintiffs have suffered harm.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Named Plaintiff's federal claims because this civil action arises under a law of the United States and seeks redress for violations of a federal law. This Court has jurisdiction over Named Plaintiff's state law claims because they are supplemental to Named Plaintiff's underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of the this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Named Plaintiff, Jason Bowe, is an adult individual with an address as set forth above.

7. Defendant Enviro Pro Basement Systems (hereinafter "Defendant Enviro Pro") is residential basement waterproofing business that is a New Jersey corporation with an address as set forth in the caption.

8. Defendant Michael Troyner (hereinafter "Defendant Troyner") is the owner and an officer of Defendant Enviro Pro who was responsible for compensating Named Plaintiff and Collective Action Plaintiffs.

9. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant Enviro Pro.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed as hourly employees of Defendants who worked or work for Defendants as installation technicians or in similar positions with similar duties, and who are/were subject to Defendants' unlawful pay practices and policies (the members of this putative class are referred to as "Collective Action Plaintiffs").

11. Specifically, Named Plaintiff seeks to represent all individuals who worked or work for Defendants within the last three years as installation technicians or in a job title with similar non-exempt duties and who were subjected to similar unlawful compensation policies and procedures as Named Plaintiff.

12. Named Plaintiff's claims are typical of the claims of the Collective Action Plaintiffs, because Named Plaintiff, like all Collective Action Plaintiffs, was employed by

Defendants within the last three years and was not compensated for all hours worked nor paid proper overtime compensation as required by the Fair Labor Standards Act ("FLSA").

13. There are numerous similarly situated current and former employees of Defendants who were compensated improperly in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

14. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

15. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

16. The foregoing paragraphs are incorporated herein as if set forth in full.

17. Plaintiff was employed by Defendants as an installation manager from in or about 2006 until February, 2012.

18. Each paycheck issued to Plaintiff states that the he is an hourly employee and is paid an hourly wage.

19. Upon information and belief, each paycheck issued to Collective Action Plaintiffs states that the employee is an hourly employee and is paid an hourly wage.

20. Defendants did not designate Named Plaintiff and Collective Action Plaintiffs as exempt employees under state or federal law.

21. Plaintiff and Collective Action Plaintiffs are/were non-exempt hourly employees of Defendants.

22. Named Plaintiff and Collective Action Plaintiffs' were/are laborers whose primary job duties included basement waterproofing services, i.e removal of mold and mildew, painting of surfaces, installation of pumps, etc.

23. Named Plaintiff's and Collective Action Plaintiffs' daily job routine included:

(a) arriving at Defendants' Newfield, NJ location to receive information relating to the day's assignments, to load the company vehicle with supplies needed for the job, and to transport the company vehicle and employees to the job site;

(b) transporting said vehicle and employees to the job site;

(c) engaging in basement waterproofing services at the customer job site;

(d) transporting the vehicle, employees, and supplies from the customer job site to Defendants' Newfield, NJ location, and

(e) unloading the company vehicle, cleaning and preparing the company vehicle for use the next day, and restocking new materials.

## UNLAWFUL FAILURE TO PAY
## FOR ALL HOURS WORKED

24. The foregoing paragraphs are incorporated herein as if set forth in full.

25. Defendants paid/pay Named Plaintiff and Collective Action Plaintiffs from the time Named Plaintiff and Collective Action Plaintiff reported/report to Defendant's Newfield NJ facility until such time as Named Plaintiff and Collective Action Plaintiffs departed/depart the assigned customer site (in other words, Defendants paid/pay Named Plaintiff and Collective Action Plaintiffs for the time spent engaging in activities discussed in paragraph 23(a), 23(b) and 23(c)).

26. Defendants failed/fail to pay Named Plaintiff and Collective Action Plaintiffs for the time spent transporting the company vehicle, employees, and supplies from the customer job site to the Defendants' Newfield, NJ facility.

27. Defendants failed/fail to pay Named Plaintiff and Collective Action Plaintiffs for time spent unloading and cleaning the company vehicle and cleaning and restocking new materials.

28. Named Plaintiff and Collective Action Plaintiffs regularly spent/spend approximately 30-90 minutes per day, and at times spent in excess of 2 hours per day, engaging in work activities described in paragraphs 26-27 above.

29. Nonetheless, Defendants did not/do not compensate Named Plaintiff and Collective Action Plaintiffs for such time.

30. Accordingly Named Plaintiff and Collective Action Plaintiffs regularly work up 3-10 hours per work for which they they receive no compensation whatsoever.

31. As Named Plaintiff and Collective Action Plaintiffs routinely worked/work over 40 hours per workweek, this unpaid time resulted/results in Named Plaintiff and Collective Action Plaintiffs being denied proper overtime compensation.

## UNLAWFUL LUNCH DEDUCTIONS

32. The foregoing paragraphs are incorporated herein as if set forth in their entirety

33. Defendants automatically deducted/deduct 30 minutes of paid time from Named Plaintiff and Collective Action Plaintiffs' paychecks for each shift Plaintiff worked, whether or not a lunch break was taken.

34. Accordingly, Defendants did not/do not accurately track Named Plaintiff and Collective Action Plaintiffs' time for "unpaid breaks."

35. Named Plaintiff and Collective Action Plaintiffs were/are docked for 30-minute lunch breaks even when he did not take a bona-fide meal break of at least 30 minutes.

36. Named Plaintiff and Collective Action Plaintiffs rarely, if ever, took a bona-fide 30 minute uninterrupted lunch break.

37. Accordingly, Named Plaintiff and Collective Action Plaintiffs regularly were/are docked for 30-minute lunch breaks which they did/do not take, resulting in them not being paid for all hours worked.

38. As Named Plaintiff and Collective Action Plaintiffs routinely worked/work over 40 hours per workweek, this unpaid time resulted/results in Named Plaintiff and Collective Action Plaintiffs being denied proper overtime compensation.

39. As a result of Defendants' aforesaid illegal actions, Named Plaintiff and Collective Action Plaintiffs have suffered damages.

## COUNT I
### Fair Labor Standards Act (FLSA)
**(Individual and Collective Action)**
**(failure to pay overtime compensation)**

40. The foregoing paragraphs are incorporated herein as if set forth in full.

41. At all times relevant herein, Defendants were and continue to be employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

42. At all times relevant herein, Defendant Troyner had and has control over Named Plaintiff's and Collective Action Plaintiffs' pay.

43. At all times, Defendant Troyner acted directly and/or indirectly in the interest of Defendant Enviro Pro in relation to Named Plaintiff's and Collective Action Plaintiffs' pay.

44. Named Plaintiff and Collective Action Plaintiffs were/are employed by Defendants as non-exempt employees within the meaning of the FLSA.

45. Under the FLSA, an employer must pay a non-exempt employee at least one and one half times the employee's hourly rate for each hour worked in excess of forty per workweek.

46. Defendants' violations of the FLSA include, but are not limited to:

   a. not paying Named Plaintiff and Collective Action Plaintiffs at least 1.5 times their regular hourly rate of pay for all hours worked in excess of forty per workweek; and

   b. not using proper record keeping to ensure that Named Plaintiff and Collective Action Plaintiffs were/are paid for each and every hour they worked.

47. As a result of Defendants' aforesaid illegal actions Named Plaintiff and Collective Action Plaintiffs have suffered damages.

## COUNT II
### Violations of the New Jersey Wage and Hour Law
**(Failure to Pay Overtime)**
**(Individual Claim)**

48. The foregoing paragraphs are incorporated herein as if set forth in full.

49. At all times relevant herein Defendants were/are "employers" within the meaning of the New Jersey Wage and Hour Law.

50. At all times relevant herein, Named Plaintiff was/is employed by Defendants as an "employee" within the meaning of the New Jersey Wage and Hour Law.

51. The New Jersey Wage and Hour Law requires covered employers to compensate employees at least one and one half times their regular rate of pay for each hour worked over 40 per workweek.

52. Defendants, however, failed to pay Named Plaintiff any compensation for each hour Plaintiff worked in excess of 40 each workweek.

53. As a result of Defendants' failure to pay Named Plaintiff wages for all hours worked, Defendants have violated the New Jersey Wage and Hour Law, causing Named Plaintiff to suffer damages.

## COUNT III
### Violations of the New Jersey Wage Payment Law
**(failure to pay wages)**
**(Individual Claim)**

54. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

55. At all relevant times herein, Defendants were "employers" within the meaning of the New Jersey Wage Payment Collection Law.

56. At all relevant times herein, Named Plaintiff were employed by Defendants as an "employee" within the meaning of the New Jersey Wage Payment Collection Law.

57. Defendants' aforementioned conduct violated the New Jersey Wage Payment Collection Law.

58. As a result of Defendants' aforesaid illegal actions, Named Plaintiff has suffered damages.

**WHEREFORE**, Named Plaintiff and Collective Action Plaintiffs pray that this Court enter an Order providing that:

a. Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of federal and state law;

b. Defendants are to compensate, reimburse, and make Named Plaintiff and Collective Action Plaintiffs whole for any and all pay and benefits he would have received had it not been for Defendants' illegal actions;

c. Named Plaintiff and Collective Action Plaintiffs are to be awarded liquidated damages for Defendants' illegal actions, as provided under applicable law;

  d. Named Plaintiff and Collective Action Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

  e. Named Plaintiff and Collective Action Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate.

               Respectfully Submitted,

               */s/ Justin L. Swidler*
               Justin L. Swidler, Esq.
               Manali Arora, Esq.
               **SWARTZ SWIDLER, LLC**
               1878 Marlton Pike East
               Society Hill Office Park, Suite 10
               Cherry Hill, NJ 08003

Dated: April 6, 2012